IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RHONDA DANIELS, CHARLES N. BANKS,                               PLAINTIFFS
ANGELA NICHOLS, VELMA JOHNSON, ET AL.

V.                                          CIVIL ACTION NO. 3:14-CV-279-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI, AND POLICE                          DEFENDANTS
DEPARTMENT OF THE CITY OF JACKSON, MISSISSIPPI

ORDER

    This wage-and-hour dispute, brought under the Fair Labor Standards Act ("FLSA"), is

before the Court on Defendants' Motion to Dismiss [4] and Plaintiffs' motion [14] seeking leave

to amend.  Upon considering the parties' submissions and applicable authority, the Court finds

that Defendants' motion should be denied and Plaintiffs' motion should be granted.

I.      Facts and Procedural History

    The Plaintiffs are 39 current and former officers of the Jackson Police Department

("JPD").  According to them, Defendants JPD and the City of Jackson, Mississippi, failed to

compensate Plaintiffs for overtime hours worked at the required time-and-a-half pay rate, or

simply did not compensate them at all.

    Plaintiffs filed their Complaint [1] April 2, 2014, seeking unpaid overtime wages,

statutory liquidated damages, and attorneys' fees under the FLSA.  Defendants moved to dismiss

[4] under Federal Rule of Civil Procedure 12(b)(6).  Later, Plaintiffs moved to amend their

Complaint and add additional plaintiffs [14].  The Court has personal and subject-matter

jurisdiction and is prepared to rule.

II.     Motion to Dismiss

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Defendants in this case contend that the FLSA claims should be dismissed for four general reasons:  (1) the Complaint lacks sufficient specificity regarding overtime hours; (2) the Complaint fails to allege that Plaintiffs were engaged in interstate commerce; (3) JPD is not a

statutory employer; and (4) the Plaintiffs' rights were terminated when their coworkers filed a

similar suit in 2012.  This Order addresses each argument.[1]

 A. Insufficient Factual Allegations Regarding Hours

 Defendants characterize Plaintiffs' Complaint as containing "only threadbare, speculative

allegations devoid of the required factual content or context beyond the elements of the statute."

Defs.' Mem. [5] at 3.  But accepting as true all the facts pleaded in the Complaint, the Court

concludes that Plaintiffs have pleaded "'enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material*

*Co.*, 541 F.3d at 587 (citing *Twombly*, 550 U.S. at 556).

 Specifically, "[t]o show a violation of the FLSA's overtime requirements, a plaintiff must

allege (1) that he was employed by the defendant; (2) that his work [is covered under the FLSA];

and (3) that he performed work for which he was undercompensated."  *Coleman v. John Moore*

*Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014).  In their Complaint,

Plaintiffs included the following averments:

- that they "worked overtime hours without compensation," and that "Defendants had in place a practice of not properly paying overtime and Defendants routinely failed to pay overtime compensation to Plaintiffs", Compl. [1] ¶ 44;

- that "Plaintiffs were regularly required to work more than 40 hours per week and despite their policies, Defendants routinely failed to compensate them for overtime hours worked at the required time-and-a-half pay rate", *id*. ¶ 48;

- that "JPD routinely only paid 'straight' time for overtime hours worked and in many instances did not pay any compensation for overtime hours at all", *id*. ¶ 49; and

---

[1]Defendants also seek dismissal of any claims based on fraud or the failure to keep adequate records.  There is no need to address these arguments as the Plaintiffs never pleaded any such claims.

- that the Department of Labor (DOL) "found systemic FLSA violations" within JPD, *id*. ¶¶ 44, 51, 56.

As Plaintiffs note, this Court previously denied a motion to dismiss an FLSA case involving these same defendants and a nearly identically worded complaint. *See Haymon v. City of Jackson*, No. 3:12cv325–DPJ–FKB, 2012 WL 6626645 (S.D. Miss. Dec. 19, 2012). But since that time, other courts have taken a harder look at the post-*Twombly* pleading requirements for an FLSA overtime-compensation case.

That inquiry has "divided courts around the country." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013). As noted most recently by the Third Circuit in *Davis v. Abington Memorial Hospital*, some courts require "plaintiffs to allege approximately the number of hours worked for which wages were not received," whereas "[o]ther courts have adopted a more lenient approach," allowing FLSA complaints to survive dismissal if they allege "that the employee worked more than forty hours in a week and did not receive overtime compensation." Nos. 12-3512, 12-3514, 12-3515, 12-3521, 12-3522, 2014 WL 4198903, at *3 (3d Cir. Aug. 26, 2014) (contrasting *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102–03 (S.D. Iowa 2008) with *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 668 (D. Md. 2011)).

Two circuits have affirmed dismissals—without prejudice—when the complaints were similar to the one in dispute. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88–89 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012). Defendants rely on these cases—and one from a district court in Texas—describing them as "controlling," but clearly they are not. Defs.' Mem. [10] at 3.

Other courts have been more lenient. *See, e.g.*, *Butler*, 800 F. Supp. 2d at 668 (holding that complaint was sufficient if it stated that plaintiff worked more than forty hours without overtime). In *Davis*, the court took "the middle-ground approach," holding that "'a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well* as some uncompensated time in excess of the [forty] hours.'" 2014 WL 4198903, at *3 (alterations in original) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). The problem in *Davis* and *Lundy* was that the complaints were so general in their description of the time worked that it was unclear whether the plaintiffs ever worked more than forty hours in a week. *Id.* Such pleading is obviously insufficient, but the Third Circuit was careful to explain that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Id.* at *5. The present Complaint would likely satisfy that test.

Closer to home, the Fifth Circuit has not yet addressed this issue. But, as stated, the undersigned previously denied a Rule 12(b)(6) motion in *Haymon* when faced with a nearly identical complaint. The Court is not satisfied that the weight of authority from other jurisdictions is sufficient to reverse its holding in *Haymon*.[2]

---

[2]It is worth noting that Plaintiffs allege a failure to maintain adequate record keeping. Compl. [1] ¶ 51. Assuming the truth of this allegation, it alters the Plaintiffs' burden and should alter the pleading requirements. In *Anderson v. Mount Clemens Pottery Co.*, the United States Supreme Court held that when an employer's wage and hour records are unreliable, an employee claiming FLSA violations meets the required burden of proof by showing "there is a basis for a reasonable inference as to the extent of the damages." 328 U.S. 680, 688 (1946), *superseded by statute on other grounds*.

B.      Whether Plaintiffs Failed to Aver Interstate Commerce

According to Defendants, Plaintiffs fail to allege that their "work involved interstate activity" so as to bring them within the FLSA's coverage.  Defs.' Mem. [6] at 7.  Defendants are correct that the FLSA extends its protections to employees "engaged in commerce," including those engaged "in an enterprise engaged in commerce."  29 U.S.C. § 207(a)(1).  But the statutory definitions make clear that Plaintiffs' work as sworn JPD officers qualifies as employment in an enterprise engaged in commerce.  Specifically, the FLSA defines an enterprise engaged in commerce to include an enterprise that "is an activity of a public agency."  29 U.S.C. § 203(s)(1)(C).  The statute further explains that the term "public agency" includes "the government of a State or political subdivision thereof" as well as "any agency of . . . a State, or a political subdivision of a State."  *Id.* at § 203(x); *see Christensen v. Harris Cnty.*, 529 U.S. 576, 579 (2000) (explaining that through 1966 and 1974 amendments to the statute, Congress extended FLSA coverage "to all state and local employees save elected officials and their staff").

There can be no doubt that the City of Jackson is a political subdivision of the State of Mississippi.  *See* Miss. Code Ann. § 11-46-1(i) (defining "political subdivision" for purposes of Mississippi Tort Claims Act as including "any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including . . . any county").  And Plaintiffs allege that they were employed by an agency of the City of Jackson, namely, the JPD.  As such, Plaintiffs have alleged that they were employed by an enterprise engaged in commerce under the FLSA.

C.      Whether JPD is a Statutory Employer

Defendants claim JPD is not a proper defendant because it is not an "employer" as defined by the FLSA under 29 U.S.C. § 203(d).  That section states:

> "Employer" includes any person acting directly or indirectly in the interest of an
> employer in relation to an employee and includes a public agency, but does not
> include any labor organization (other than when acting as an employer) or anyone
> acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 203(d).

Defendants argue that the Court must employ the Fifth Circuit's "economic reality" test to determine whether JPD was an employer under this statue.  Defs.' Reply [10] at 6 (citing *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 603–04 (E.D.  La. 2013)). "Under the economic reality test, we evaluate whether the alleged employer:  (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (internal quotation marks omitted).  But "a party need not establish each element in every case.  The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."  *Id*. (citation and internal quotation marks omitted).

According to Defendants, Plaintiffs have failed to adequately allege sufficient facts to satisfy this test, and therefore their Complaint should be dismissed.  This argument seems formalistic.  Plaintiffs alleged that they were all sworn officers of the Jackson Police Department who were compensated pursuant to JPD's policies and procedures.  Pls.' Compl. [1] ¶¶ 3–41, 46–48.  Viewed in a light most favorable to the Plaintiffs under Rule 12(b)(6), it seems apparent that JPD exercises operating control over its own sworn officers.

7

D.      Complaint Barred as a Subsequently Filed Suit

The City argues a form of claim preclusion based on the fact that Plaintiffs' counsel has already litigated claims arising out of similar overtime complaints on behalf of other JPD officers.  "The application of claim and issue preclusion to nonparties . . . runs up against the deep-rooted historic tradition that everyone should have his own day in court" and is generally not appropriate.  *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (internal quotation marks omitted).  The Supreme Court has recognized six exceptions to the rule, one of which is a special statutory scheme that expressly forecloses successive litigation by nonlitigants.  *Id.* at 895.  The FLSA contains such a statutory scheme, but it has no application in this case.  Title 29 U.S.C. § 216(c) states that the right of an employee to bring suit "shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation . . . ."  Though Defendants rely on this statute, it is of no moment because the Secretary of Labor has not previously asserted a claim.  Defendants have not demonstrated claim preclusion.[3]

III.    Motion to Amend

On the deadline for motions to amend the pleadings, Plaintiffs sought leave to add additional JPD officers as plaintiffs.  Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires."  Leave should be given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[3]Defendants assert in reply that "Plaintiffs name JPD only to avoid bringing in a necessary and indispensable party, the Department of Labor."  Defs.' Reply [10] at 8.  Defendants do not explain the argument, and its basis is not apparent.

opposing party, or futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).  In this case, Defendants claim an amendment would be futile because the original Complaint should be dismissed under Rule 12(b)(6).  Because the Court has rejected that argument, the amendment would not be futile.

IV.     Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed were deemed insufficient to warrant attention and would not have changed the outcome.  For the above-stated reasons none of the City's arguments are grounds for dismissal.  The City's motion is denied.  Plaintiffs' motion for leave to amend is granted.  Plaintiffs may file an amended Complaint within seven days of the entry of this order.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE